ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeals of -                                        )
                                                   )
The Minesen Company                                )        ASBCA Nos. 62096, 62104
                                                   )
Under Contract No. NAFBA3-93-C-0001                )

APPEARANCE FOR THE APPELLANT:          Mr. Max Jensen
                                         President

APPEARANCES FOR THE GOVERNMENT:        Dana J. Chase, Esq.
                                         Army Chief Trial Attorney
                                       Robert B. Neill, Esq.
                                       LTC Nolan T. Koon, JA
                                         Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE CATES-HARMAN ON THE
GOVERNMENT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE

On December 12, 2024, the Department of the Army (government) moved to
dismiss these appeals pursuant to Board Rule 17 for failure to prosecute. As discussed
in detail below, we grant the government's motion and dismiss these appeals with
prejudice.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

These appeals have a long history. The appeals involve a U.S. Army Morale,
Welfare and Recreation Fund (Fund), a non-appropriated fund instrumentality (NAFI)
contract for government quarters, including design, construction, and operation of a
service lodging facility. Appellant was previously before the Board in ASBCA
Nos. 52488 and 52811 -- those appeals were sustained in a November 20, 2006
decision and remanded to the parties for the determination of quantum. *The Minesen
Co.*, ASBCA Nos. 52488, 52811, 07-1 BCA ¶ 33,456.

On April 28, 2017, the parties reached a settlement of the long-standing
litigation on quantum under ASBCA Nos. 55996 and 55997. These quantum appeals
related to the consolidated appeals 52488 and 52811. As part of the settlement, it is
understood that the parties agreed to delete a portion of the contract related to full
forfeiture of the per diem for travelers who failed to stay at the Inn at Schofield
Barracks, Hawaii (Inn) regardless of availability. In 2018, the government issued a
memorandum which appellant alleges is in violation of the spirit of the settlement
agreement by categorizing the facility as non-government quarters. This

characterization allowed travelers the flexibility to stay even if the Inn was available. Appellant filed a claim with the contracting officer seeking relief in the form of declaratory judgment related to the contract interpretation. On May 16, 2019, a Contracting Officer's Final Decision (COFD) was issued denying the claim. Appellant timely filed a notice of appeal on June 10, 2019. The matter was assigned ASBCA No. 62096. On May 22, 2019, an additional COFD maintained that in March, April and May of 2019, appellant violated the terms of the agreement by selling alcohol and tobacco products, failing to pay outstanding utility bills, failing to modify the room rates as agreed, failing to change the name of the Inn, and not meeting contract reporting requirements. The contract was terminated for default effective July 19, 2019. Appellant timely filed a notice of appeal on June 17, 2019. The matter was assigned ASBCA No. 62104. The appeals were consolidated on June 18, 2019.

By letter dated July 8, 2019, appellant notified the Board that the Minesen Company filed for bankruptcy under chapter 11 on July 5, 2019. In September 2019, the Bankruptcy Court ordered the debtor (Minesen) to file a motion to assume or reject the contract. In December 2019, a hearing was held on the debtor's motion to assume executory contracts and leases. Thereafter, the Bankruptcy Court scheduled an evidentiary hearing for June 23, 2020. The evidentiary hearing was delayed on several occasions, and other matters arose delaying the progress of the bankruptcy proceedings and the hearing has not yet taken place. The parties agreed to a stay of proceedings of ASBCA No. 62104 (termination of the contract), however, the parties differ on how to proceed with ASBCA No. 62096 (declaratory relief). Appellant requested that the stay be lifted in ASBCA No. 62096, to allow that appeal to proceed, arguing that it was not a matter to be decided by the Bankruptcy Court. The government requested that the stay for ASBCA No. 62096 remain in place arguing that both appeals are inextricably intertwined and dependent upon the Bankruptcy Court's ruling on the motion to assume. The Board conducted a conference call on March 12, 2020, allowing the parties to present argument.

The matter before the Bankruptcy Court relates to the debtor's motion to assume executory contracts and leases. At the evidentiary hearing in the court, the debtor (appellant) will be required to provide the court and the creditors with adequate assurances of future performance. The Board determined at the March 12, 2020 hearing that if the debtor was unable to assume the lease associated with the NAFI contract, it would have significant impact on the advancement of both appeals. Accordingly, the Board granted a stay of the proceedings in both ASBCA Nos. 62096 and 62104. Thereafter, the stay was extended several times pending action by the Bankruptcy Court. The most recent stay ended on September 9, 2024.

On August 26, 2024, counsel for appellant filed a Motion to Withdraw. The firm of Waas Campbell Rivera Johnson & Velasquez LLP had represented appellant throughout these appeals and was instructed by The Minesen Company to cease

representation of appellant in the appeals before the ASBCA. The motion was granted on August 27, 2024. Appellant was directed by Order dated August 27, 2024, to notify the Board by September 30, 2024, whether it intends to substitute counsel, or be represented by one of its officers consistent with ASBCA Rule 15(a). No response was filed by appellant.

On November 7, 2024, appellant was directed to notify the Board by November 29, 2024, whether it intends to proceed with the prosecution of this case, and if so, how it chooses to be represented. No response was filed by appellant.

In the December 16, 2024 Order, the Board found that appellant's lack of communication and repeated disregard of the Board's Orders appears to demonstrate appellant's desire not to prosecute these appeals any further. As a result, appellant was ordered to show cause within 21 days why the appeals should not be dismissed with prejudice for lack of prosecution pursuant to Board Rule 17. Appellant was advised in the Order to Show Cause that, if no response is filed by January 9, 2025, the Board intends to dismiss these appeals with prejudice for failure to prosecute with no further notice to the parties. No response was filed by appellant.

After an internal inquiry at the Board raised a question concerning whether we had delivered the December 16, 2024 Order to the appellant, on February 20, 2025, the Board once again ordered appellant to show cause why the appeals should not be dismissed with prejudice. Appellant was directed to respond by March 3, 2025, or be subject to dismissal with prejudice without further notice. As of this date, appellant has failed to respond.

<u>DECISION</u>

On December 12, 2024, the government moved to dismiss these appeals pursuant to Board Rule 17 for failure to prosecute. The government renewed its motion on February 4, 2025, and again on March 14, 2025, after having failed to receive any communication from Mr. Max Jensen even though copies of the government's correspondence was sent to his address and email account of record. In its motion, the government asserts as a basis appellant's failure to respond to several Board Orders, including the most recent one directing appellant to show cause why the appeals should not be dismissed. Board Rule 17 provides:

> Whenever the record discloses the failure of either party to file documents required by these Rules, respond to notices or correspondence from the Board, comply with orders of the Board, or otherwise indicates an intention not to continue the prosecution or defense of an appeal, the Board may, in the case of a default by the appellant, issue an

3

order to show cause why the appeal should not be
dismissed with prejudice for failure prosecute. . . . If good
cause is not shown, the Board may take appropriate action.

We conclude that appellant's lack of communication reflects an intention not to continue the prosecution of this appeal. *See Andrews Contracting Servs., LLC*, ASBCA No. 61512, 19-1 BCA ¶ 37,241 at 181,280 (Board dismissed the appeal for failure to prosecute when appellant failed to respond to the government's discovery and numerous Board Orders).

Accordingly, we grant the government's motion and dismiss these appeals with prejudice.

Dated: March 24, 2025

STEPHANIE CATES-HARMAN
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

I concur

OWEN C. WILSON
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

MICHAEL N. O'CONNELL
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

4

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 62096, 62104, Appeals of The Minesen Company, rendered in conformance with the Board's Charter.

Dated: March 25, 2025

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals